Commonwealth vs. Bush.

CASE 18—INDICTMENT—FEBRUARY 22.

# Commonwealth vs. Bush.

APPEAL FROM LYON CIRCUIT COURT.

1. A fine or forfeiture cannot be remitted until it has either been adjudged, or the offense shall have been so charged and defined, in some judicial proceeding, for enforcing its legal penalty, as to identify it and make the remission effectual as a bar to any other prosecution for the same act.

2. But when this is done, the executive pardon or remission relieves from the offense, and discharges the accused from its legal penalty; and this may be done as well before as after conviction.

3. The words of a particular clause of the old constitution having received a well known construction, and being literally transferred to the new constitution,

the construction given them will be presumed to have been adopted by the convention.

JNO. M. HARLAN, Attorney General, for Commonwealth.

C. D. BRADLEY, for appellee, cited *sec.* 10, *art.* 3, *Const. of Kentucky;* 7 *Peters,* 160; 2 *Bouv. Law Dict.,* 215; 4 *Bl. Com.,* 394; *Story on the Const., sec.* 1492; 14 *B. Mon.,* 392.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This appeal seeks the reversal of a judgment dismissing an indictment on a plea of pardon by the Governor of Kentucky pending the prosecution and before conviction.

The appellant insists that the constitution conferred on the Governor no power to pardon until after conviction.

The constitution provides, that "*He shall have power to remit fines and forfeitures, grant reprieves and pardons, except in cases of impeachment.*"

This court has never had occasion, hitherto, to decide on the extent of the power thus defined and delegated.

A fine or forfeiture cannot be remitted until it has either been adjudged or the offense shall have been so charged and defined, in some judicial procedure for enforcing its legal penalty, as to identify it, and make the remission effectual as a bar to any other prosecution for the same act. And the power of pardon is certainly as comprehensive as that of remission, and may be more so. But, in all cases alike, the exercise of the executive prerogative of remission or pardon relieves from the *offense,* and discharges the accused from its legal penalty; and this may be done as well and effectually before as after formal conviction. We would be inclined to this conclusion without the aid of precedent. But long and undisturbed usage, apparently matured into prescriptive authority, should settle a question which we feel to be perplexing in the absence of any other clue to solution than the letter of the constitution alone.

Without a specific enumeration of the cases, we are authorized by the judicial and executive archives to say, that the successive Governors of Kentucky have, for more than sixty

years, granted remissions and pardons before conviction, but generally, if not always, after legal accusation of the offense.

This practice having been long continued under the old constitution, giving precisely the same power as the new on this subject, the simple fact that the convention, which adopted the present constitution, conferred the power in the language of the old constitution, without any qualification or modification, proves that it was intended to mean what it had been thus practically construed as importing. The members of that constituent body, familiar with the practical construction of the words they copied and adopted, must be presumed to have recognized and adopted that construction. And this persuasive argument alone ought to be conclusive with the judiciary. This latitudinous power may be as liable to abuse after as before conviction; and may not the spirit of the constitution, if that alone, as it should, shall always guide and control the exercise of the power, be as beneficent in its operation in a case deserving its intervention before a trial, with all its incidental expense, delay, and trouble, as it could be after an unavailing conviction, which the Governor's pardon would nullify on the grounds which would induce him to nullify its penal effects by anticipating the conviction, and thus averting its ignominious consequences? We cannot say that this may not be so.

But however this may be, this court must expound the constitution as its framers intended it to be understood, and cannot restrict the executive power, merely because the discretion confided may be enormously abused, and its object capriciously perverted. To guard against such perversion and abuse, by wise limitations of the power delegated, was the province of the grantors of the power; the judiciary can only expound the grant as made in the constitution.

Wherefore, the judgment of the circuit court seems to be right, and is, therefore, affirmed.